[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage returnable to the Waterbury Superior Court.
The parties were married at San Sebastian, Puerto Rico on November 4, 1967. They have resided in Connecticut for more than twelve moths before the filing of this action.
The court has the requisite jurisdiction to proceed to judgment in this matter.
There are no minor children issue of this marriage.
The evidence and testimony permit a finding that the allegation of irretrievable breakdown has been proven. A judgment of dissolution of marriage based on that ground is hereby granted.
Having heard the evidence and testimony and having taken into consideration the criteria set forth in Sections 46b-81 and 46b-82, Conn. General Statutes, as well as other related statutes, the court enters the following findings and orders.
The parties moved to Connecticut from Puerto Rico shortly CT Page 10461 after their marriage in 1967. Three children were born issue of the marriage between 1968 and 1972, none of them is still a minor.
The plaintiff-wife raised the three children and returned to work outside the home when the youngest turned five. She worked for thirteen years of the thirty year marriage. At the time of trial she was employed by a small manufacturing company and was receiving a gross weekly salary of $424.40, which netted her approximately $282.64 per week. Her financial affidavit also discloses bank accounts of approximately $1,460.00, two certificates of deposit valued at $2,440.89 and $3,472.00, respectively, and a retirement fund in the amount of $7,4000.00.
The plaintiff completed the 11th grade in Puerto Rico and obtained her G.E.D. in Connecticut. She has no other schooling or training.
The plaintiff's health has been effected by a total of five operations to her shoulders and hands for work-related disabilities. She also complains of high blood pressure.
The defendant-husband is 58 years old and has been employed by Pratt Whitney for approximately thirty years. He had been a bench worker but was transferred to maintenance after suffering a job-related injury.
His financial affidavit states that he currently receives gross weekly pay in the amount of $614.00 which nets him approximately $388.12 per week. His weekly deductions include $34.00 for a 401(k) contribution and $18.00 for HMO coverage.
He completed the 3rd grade in Puerto Rico and has no other formal education.
He testified that his health concerns include diabetes and body aches. He also has had a number of surgeries on his eyes, his shoulders, and his left elbow and left palm. He also testified that he had sustained injuries to his right hand, his back and his leg.
The defendant further testified that he regularly sends money to his brothers, sister and aunt in Puerto Rico to help support them. CT Page 10462
By way of assets, the defendant's financial affidavit discloses a UTC employee savings plan containing $24,000.00 and a "401A" plan in the amount of $30,000.00.
The parties jointly own the marital residence located at 56 East Liberty Street in Waterbury. The value is somewhere between $45,000.00 and $60,000.00. There is no mortgage on that property.
The defendant testified that he had maintained another account not listed on his financial affidavit. It was in the Webster Bank and at one time contained $15,000.00 of the parties' money. He further testified that he spent that money on a new roof ($5,000.00), by payments to the plaintiff at the time of the funerals of her aunt and grandfather ($5,000.00 total), and that the rest was spent primarily as a result of three (auto) accidents he had in 1997.
The court had some serious reservations as to the veracity of the defendant's testimony regarding those assets.
The evidence at trial permits the court to find that this marriage was marked with numerous incidents of domestic violence on both sides — a number of those incidents resulting in police intervention.
The parties have lived married but separate in their marital home for many years and in separate residences during the recent past. It is apparent that the marriage broke down irretrievably more than ten years ago. Each party alleged acts of infidelity against the other. The most blatant being an episode where the plaintiff caught the defendant in the home of a female acquaintance of his. The defendant insisted he was there at the woman's request to help her fix her window shades. The plaintiff used one of the shades to assault the defendant and then smashed a window on his automobile. She was arrested. The defendant offered the testimony of one of the parties' sons to establish that the plaintiff was allowing a man to cohabit with her in her current apartment. His testimony, for a number of reasons, was less than credible.
 ORDERS
I. DISSOLUTION OF MARRIAGE
Having found that the marriage of the parties has broken down CT Page 10463 irretrievably, the court hereby decrees that the marriage of the parties is dissolved and they are single and unmarried.
II. ALIMONY
The court orders that the defendant shall pay to the plaintiff periodic alimony in the amount of $75.00 per week until the earliest of the following events:
a. The death of either party.
b. The remarriage of the plaintiff.
 c. Cohabitation by the plaintiff as that term is defined by statute.
d. September 8, 2008.
That obligation is modifiable by either party as to its amount, but is non-modifiable as to its term, except as otherwise indicated herein.
In accordance with Section 46b-82, C.G.S., to secure the payment of said obligation, the court grants the plaintiff a lien on the defendant's Pratt Whitney retirement plan.
III. PROPERTY ASSIGNMENT
A. REAL PROPERTY
The parties are to share equally the net proceeds from the sale of the marital residence located at 56 East Liberty Street, Waterbury. "Net proceeds" is to be defined as the amount of sale proceeds remaining after the payment of the costs incurred in maintaining the property prior to its sale (including property taxes, insurance, and essential maintenance) as well as sales commissions, taxes, and all other expenses related to the sale.
If the parties cannot agree upon the terms of sale or upon the amount of net proceeds, the court shall retain jurisdiction to resolve such issues.
B. PERSONAL PROPERTY
1. The parties each shall retain the motor vehicles listed on CT Page 10464 their respective financial affidavits and each shall hold the other harmless from all obligations associated therewith.
2. The plaintiff shall retain the bank accounts listed on her financial affidavit having an approximate value of $1,460.00.
3. The plaintiff shall retain the two certificates of deposit listed on her financial affidavit in the total amount of $6,670.58.
4. The defendant shall retain the Credit Union savings account listed on his financial affidavit in the amount of $101.00
5. The defendant shall convey to the plaintiff one half (1/2) of the UTC Employment Savings Plan which he listed on his financial affidavit in the amount of $21,000.00. That conveyance is to be made within 90 days of this order.
6. The plaintiff shall retain the employee retirement fund listed on her financial affidavit in the amount of $7,4000.00.
7. The "401A" deferred compensation plan listed on the defendant's financial affidavit is to be divided as follows: forty (40%) per cent is ordered to be transferred to the plaintiff and sixty (60%) per cent is to be retained by the defendant. The defendant is ordered to prepare and execute whatever documents are required to effectuate this transfer. Any taxes incurred as a result of this transfer are to be the obligation of the plaintiff.
8. The parties are to be solely responsible for the liabilities listed on their respective financial affidavits and each is ordered to hold the other harmless from any obligations associated with such liabilities.
9. The parties are to divide equally the household contents and furnishing from the marital residence, except as follows:
 — the plaintiff is to receive the armoire and the dining room set;
 — the defendant is to receive the master bedroom set and the dishwashing machine.
CT Page 10465 Any disputes concerning compliance with the foregoing order shall be mediated by the Family Services Office of the Waterbury Superior Court.
IV. MISCELLANEOUS ORDERS
The defendant shall cooperate with any request by the plaintiff to obtain medical insurance coverage through the defendant's employer under COBRA. The plaintiff shall be responsible for the cost of such insurance.
By Court, Joseph W. Doherty Judge